■  SAM DOBBINS, Respondent, v NATIONAL UNION INSURANCE COMPANY, Appellant. (And a Third-Party Action.)—Upon an appeal by permission, order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts affirmed, with costs *(Hutzler v Hertz Corp.,* 47 AD2d 839). Martuscello, Acting P. J., Latham, Cohalan and Christ, JJ., concur; Munder, J., concurs in the result, upon the constraint of *Hutzler v Hertz Corp.* (47 AD2d 839), but adheres to the views expressed in the dissenting memorandum in that case. [70 Misc 2d 1087.]

■  PETER A. FARRELL, Appellant, v PAUL TAYLOR, SR., et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated February 20, 1974, as denied his cross motion to strike the answer of defendants Taylor for failure to comply with an order directing them to appear for examination before trial. Order modified by adding thereto a provision granting plaintiff leave to conduct an examination before trial of defendants Taylor. As so modified, order affirmed insofar as appealed from, without costs. The examinations shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. The order appealed from properly denied plaintiff's cross motion to strike the answer, but should be modified, in the interest of justice, to the extent indicated herein. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.

■  JOSEPH FATTIBENE, Individually and as Parent of JOSEPH FATTIBENE, JR., an Infant, et al., Appellants, v HENRY MOHLANDER et al., Respondents. —In a negligence action to recover damages for personal injuries sustained by the minor plaintiff, etc., plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, entered January 8, 1975, as granted separate cross motions by defendants for summary judgment. Order reversed insofar as appealed from, without costs, and cross motions denied. In view of the conflicting statements of fact in the record, we do not believe that this kind of a case should be disposed of by summary judgment. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.